Nov. Term,
· 1861.

CLARK
v.
HECK.

CLARK v. HECK.

Suit to recover the possession of personal property, alleged to have been wrongfully taken and unlawfully detained by the defendant. Answer: 1. Property in the defendant. 2. Property in a third person. 3. Denial. The jury returned a verdict, as follows, viz., "We, the jury, find for the plaintiff; find the property in the horse to be in him, and that he is entitled to the possession, &c. We also find the value of the horse to be $125."

*Held*, that the verdict sufficiently covered all the issues in the case.

The defendant asked the Court to instruct the jury as follows: That to enable the plaintiff to recover, the jury should be satisfied from the evidence that he has a general or special property in the horse in controversy, and a right to his immediate possession, and that the evidence proves either an unlawful taking, or an unlawful detention of the horse by the defendant.

*Held*, that the instruction was strictly correct, and should have been given.

APPEAL from the *Shelby* Circuit Court.

*Friday, December 6.*

DAVISON, J.—This was an action by *Heck*, who was the plaintiff, against *Clark*, to recover a horse, alleged to have been wrongfully taken and unlawfully detained by the defendant. The answer consists of three paragraphs. 1. A general denial. 2. Property in the defendant. 3. That the horse described, &c., is the property of one *Isaac Sauries*. The issues having been submitted to a jury, they returned the following verdict: "We, the jury, find for the plaintiff; find the property in the horse to be in him, and that he is entitled to the possession, &c. We also find the value of the horse to be $1 5." Defendant moved for a new trial, and in arrest; but his motions were overruled, and judgment given on the verdict.

The causes for these motions were thus assigned: 1. The verdict is unsustained by the evidence. 2. It is illegal and void, so that no judgment can be rendered upon it. 3. Error in refusing instructions moved by the defendant. 4. The verdict does not state that the horse was wrongfully taken, or illegally detained. As the evidence given on the trial is not in the record, the first assigned cause is not noticeable in this Court. The fourth assignment is equally unavailing.

Nov. Term, 1861.

Lucas
v.
Danger-
field.

The verdict, as we have seen, "finds for the plaintiff; and that the property in the horse is in him." This, it seems to us, sufficiently covers all the issues made in the cause. *Stephens* v. *Scott*, 13 Ind. 515. Another objection is made to the verdict, namely, "it was not signed by the foreman of the jury." But as that defect does not appear to have been pointed out, and presented to the notice of the Circuit Court, it is not assignable for error.

There is a bill of exceptions which shows that the defendant, at the proper time, moved thus to instruct the jury, viz., "To enable the plaintiff to recover, the jury must be satisfied from the evidence that he has a general or special property in the horse in controversy, and a right to his immediate possession, and that the evidence proves either an unlawful taking, or an unlawful detention of the horse, by the defendant." This instruction, the Court refused, and the defendant excepted. It requires neither argument nor authority to show the instruction thus refused to be strictly correct. Nor is it easy to conceive of a case of replevin to which it would not be applicable. We are of opinion that its refusal was error, and that the judgment must, therefore, be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Clark & Hackleman* and *T. A. McFarland*, for the appellant.

---

## Lucas *v.* Dangerfield and Another.

*Friday, December* 6.

*N. O. Ross* and *R. P. Effinger*, for the appellant.
*Shirk* and *Wilson*, for the appellees.